IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

SYLVIA W. STEWART and JOHN DAVID
STEWART,

       Plaintiffs,

vs.

TAYLOR'S EQUIPMENT TRANSPORT, LLC,
LEADFOOT TRANSPORT, INC., CHAD
ROBERTS, and HAROLD D. PETERSON,

       Defendants.
_____/

Case No.: 1:19-cv-49

## COMPLAINT

Plaintiffs, SYLVIA W. STEWART and JOHN DAVID STEWART, sue Defendants TAYLOR'S EQUIPMENT TRANSPORT, LLC, LEADFOOT TRANSPORT, INC., CHAD ROBERTS, and HAROLD D. PETERSON, and allege:

## NATURE OF ACTION

1. This is a civil action for personal injuries suffered by Plaintiff SYLVIA W. STEWART ("MS. STEWART"), and for loss of consortium by JOHN DAVID STEWART ("MR. STEWART") against Defendants TAYLOR'S EQUIPMENT TRANSPORT, LLC ("TAYLOR'S"), LEADFOOT TRANSPORT, INC. ("LEADFOOT"), and HAROLD D. PETERSON ("PETERSON"). This

action arises out of a motor vehicle accident on February 17, 2017, in which a motor vehicle owned by TAYLOR'S and/or LEADFOOT and operated by PETERSON collided with MS. STEWART's vehicle.

## THE PARTIES

2. Plaintiff SYLVIA W. STEWART ("MS. STEWART") is an individual and a citizen of the state of Alabama.

3. Plaintiff JOHN DAVID STEWART ("MR. STEWART") is an individual and a citizen of the state of Alabama.

4. Defendant TAYLOR'S EQUIPMENT TRANSPORT, LLC ("TAYLOR'S"), at all times pertinent to this action, was a Georgia limited liability company with its principal place of business in Loganville, GA.

5. Upon information and belief, no members of TAYLOR'S are citizens of the state of Alabama.

6. Defendant LEADFOOT TRANSPORT, INC. ("LEADFOOT"), is a Georgia corporation with its principal place of business in Loganville, GA.

7. Defendant CHAD ROBERTS ("ROBERTS") is an individual and a citizen of the state of Georgia.

8. Defendant HAROLD D. PETERSON ("PETERSON") is an individual and a citizen of the state of Georgia.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy five thousand dollars ($75,000) and Plaintiffs are citizens of states which are different from the states where Defendants and their members are citizens or are incorporated and have their principal places of business.

10. Venue is proper in this district, because the accident occurred in Saraland, Alabama, in the County of Mobile, which falls within the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

11. On February 17, 2017, MS. STEWART was operating her motor vehicle in a safe and prudent manner, driving northbound on Interstate 65 near Exit 15 to Celeste Road in Saraland, Mobile County, Alabama.

12. Defendant PETERSON failed to use reasonable care while operating a vehicle owned by TAYLOR'S and/or LEADFOOT northbound on Interstate 65.

13. Defendant PETERSON negligently failed to yield to MS. STEWART's right of way, causing the vehicle he was operating to collide with MS. STEWART's vehicle.

14. Defendant ROBERTS was a member owner of Defendant

TAYLOR'S.

15. Defendant TAYLOR'S was dissolved on October 5, 2018.

16. At the time Defendant TAYLOR'S was dissolved, Plaintiffs' claims were "other claims" within the meaning of § 10A-5A-7.05, Ala. Code 1975.

## COUNT ONE
## NEGLIGENCE
## (PETERSON)

17. Plaintiffs adopt and re-allege paragraphs 1 through 16 contained in this Complaint as if fully restated here.

18. On February 17, 2017, MS. STEWART was operating her motor vehicle in a safe and prudent manner driving northbound on Interstate 65 near Exit 15 to Celeste Road in Saraland, Mobile County, Alabama.

19. Defendant PETERSON failed to use reasonable care while operating a vehicle owned by Defendant TAYLOR'S and/or Defendant LEADFOOT northbound on Interstate 65.

20. Defendant PETERSON and negligently failed to yield to MS. STEWART's right of way, causing the vehicle he was operating to collide with MS. STEWART's vehicle.

21. As a result of Defendant PETERSON'S negligence, MS. STEWART suffered bodily injury and resulting pain and suffering, disability, disfigurement,

mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, MS. STEWART demands judgment for damages against Defendants, including interest, costs, and any such other and further relief this Court deems appropriate.

## COUNT TWO
## NEGLIGENT HIRING
## (TAYLOR'S and/or ROBERTS and/or LEADFOOT)

22. Plaintiffs adopt and re-allege paragraphs 1 through 16 contained in this Complaint as if fully restated here.

23. Defendant TAYLOR'S and/or Defendant LEADFOOT hired Defendant PETERSON and knew that PETERSON would be required to drive automobiles as part of his job duties and within the line and scope of his employment.

24. Defendant PETERSON lacked and continues to lack the requisite skill, care, and expertise to carry out the job duties, which included driving automobiles within the line and scope of his employment, in a reasonable and safe

manner.

25. At the time Defendant PETERSON was hired, Defendant TAYLOR'S and/or Defendant LEADFOOT knew or should have known that PETERSON lacked the requisite skill, care, and expertise to carry out his job duties in a reasonable and safe manner.

26. At the time Defendant PETERSON was hired, Defendant TAYLOR'S and/or Defendant LEADFOOT knew or should have known that hiring Defendant PETERSON would likely cause injury to another person.

27. As a result of Defendant TAYLOR'S and/or Defendant LEADFOOT's negligence, MS. STEWART suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, MS. STEWART demands judgment for damages against Defendants, including interest, costs, and any such other and further relief this Court deems appropriate.

## COUNT THREE
## NEGLIGENT RETENTION
## (TAYLOR'S and/or ROBERTS and/or LEADFOOT)

28. Plaintiffs adopt and re-allege paragraphs 1 through 16 contained in this Complaint as if fully restated here.

29. Defendant TAYLOR'S and/or Defendant LEADFOOT knew or should have known that Defendant PETERSON lacked the requisite skill, care, and expertise to carry out his job duties in a reasonable and safe manner, including, but not limited to, safely operating a motor vehicle in a reasonable manner.

30. Defendant TAYLOR'S and/or Defendant LEADFOOT knew or should have known that retaining Defendant PETERSON would likely cause injury to another person.

31. Despite this knowledge, Defendant TAYLOR'S and/or Defendant LEADFOOT failed to terminate Defendant PETERSON

32. As a result of Defendant TAYLOR'S and/or Defendant LEADFOOT's negligence, MS. STEWART suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and

Plaintiff will suffer the losses in the future.

WHEREFORE, MS. STEWART demands judgment for damages against Defendants, including interest, costs, and any such other and further relief this Court deems appropriate.

## COUNT FOUR
## NEGLIGENT TRAINING AND SUPERVISION
## (TAYLOR'S and/or ROBERTS and/or LEADFOOT)

33. Plaintiffs adopt and re-allege paragraphs 1 through 16 contained in this Complaint as if fully restated here.

34. Defendant TAYLOR'S and/or Defendant LEADFOOT had a duty as an employer and supervisor of Defendant PETERSON to train, supervise, correct, and monitor the employment of Defendant PETERSON in order to ensure that his work was performed in a reasonable and safe manner.

35. Defendant TAYLOR'S and/or Defendant LEADFOOT knew or should have known that failing to train, supervise, correct, and/or monitor Defendant PETERSON would likely cause injury to another person.

36. Despite this, Defendant TAYLOR'S and/or Defendant LEADFOOT failed to properly train, supervise, correct, and/or monitor Defendant PETERSON.

37. As a result of Defendant TAYLOR'S and/or Defendant LEADFOOT's negligence, MS. STEWART suffered bodily injury and resulting

pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, MS. STEWART demands judgment for damages against Defendants, including interest, costs, and any such other and further relief this Court deems appropriate.

## COUNT FIVE
## NEGLIGENT ENTRUSTMENT
## (TAYLOR'S and/or ROBERTS and/or LEADFOOT)

38. Plaintiffs adopt and re-allege paragraphs 1 through 16 contained in this Complaint as if fully restated here.

39. Defendant TAYLOR'S and/or Defendant LEADFOOT knew or should have known that Defendant PETERSON lacked the requisite skill, care, and/or expertise to carry out his job duties in a reasonable and safe manner, including, but not limited to, safely operating a motor vehicle in a reasonable manner within the line and scope of his employment.

40. Defendant TAYLOR'S and/or Defendant LEADFOOT knew or should have known that entrusting a motor vehicle to Defendant PETERSON

would likely cause injury to another person.

41.    Despite this knowledge, Defendant TAYLOR'S and/or Defendant LEADFOOT allowed Defendant PETERSON to drive a motor vehicle as part of his job duties and within the line and scope of his employment.

42.    As a result of Defendant TAYLOR'S and/or Defendant LEADFOOT's negligence, MS. STEWART suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, MS. STEWART demands judgment for damages against Defendants, including interest, costs, and any such other and further relief this Court deems appropriate.

## COUNT SIX
## LOSS OF CONSORTIUM OF JOHN DAVID STEWART

43.    Plaintiffs adopt and re-allege paragraphs 1 through 16 contained in this Complaint as if fully restated here.

44.    At the time of the accident, MS. STEWART was married to JOHN DAVID STEWART and continues to be married to him.

45. As a result of the wrongful and negligent acts of Defendant TAYLOR'S EQUIPMENT TRANSPORT, LLC, Defendant LEADFOOT TRANSPORT INC., Defendant CHAD ROBERTS, and HAROLD D. PETERSON, JOHN DAVID STEWART suffered and will continue to suffer in the future, loss of consortium, loss of society, affection, and assistance, all to the detriment of their marital relationship.

46. That all the injuries and damages were caused solely and proximately by the negligence of the Defendants.

WHEREFORE, Plaintiff JOHN DAVID STEWART demands judgment for damages against Defendants, together with costs of this action, and any such other and further relief this Court deems appropriate.

Plaintiff hereby demands a jury trial.

DATED on February 6, 2019

                                          /s/ J. Christopher Klotz
                                          J. Christopher Klotz
                                          Stevenson Klotz, LLP
                                          Florida Bar No. 47060
                                          510 E. Zaragoza Street
                                          Pensacola, FL  32502
                                          (850) 444-0000
                                          (866) 251-7888 – Facsimile
                                          chris@stevensonklotz.com
                                          servicejck@stevensonklotz.com
                                          Attorney for Plaintiff