IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SYLVIA W. STEWART and JOHN DAVID STEWART, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Civil Act. No. 1:19-cv-49-TFM-MU |
| TAYLOR'S EQUIPMENT TRANSPORT, LLC, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## ORDER

Pending before the court is a *Notice of Voluntary Dismissal* (Doc. 30, filed 6/12/19), in which the plaintiffs, Sylvia W. Stewart and John David Stewart ("Plaintiffs") seek to dismiss Defendant Leadfoot Transport, Inc. ("Leadfoot"), from the action without prejudice. Plaintiffs specifically request dismissal pursuant to "Rule 41(a)(i)" of the Federal Rules of Civil Procedure. Because the notice is not a stipulation of dismissal signed by all parties, the Court presumes Plaintiffs seek dismissal under Rule 41(a)(1)(A)(i), which provides for voluntary dismissal by Plaintiffs where a notice of dismissal is filed "before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A)(i). Rather than presume, however, the Court construes the notice as a motion for dismissal under Fed. R. Civ. P. 41(a)(2), which provides for dismissal "by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). *See Plain Growers, Inc., ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting as binding precedent

all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Generally, district courts enjoy "broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Arias v. Cameron,* 776 F.3d 1262, 1268 (11th Cir. 2015). Voluntary dismissal generally should be granted unless doing so would result in clear legal prejudice to the defendant. *Moore v. PNC Bank, Nat. Ass'n.*, Case No. CV 414-237, 2015 WL 3507321, at *1, 2015 U.S. Dist. LEXIS 71210 at *2 (S.D. Ga. June 2, 2015). Although the remaining defendants have filed answers and the parties have moved briskly into the discovery phase of the case, Leadfoot has neither appeared nor filed an answer or any motions in this case. The Court sees no clear legal prejudice that would result from dismissal. Accordingly, Plaintiffs' motion to dismiss (Doc. 30) is **GRANTED**. All claims against Leadfoot are hereby **DISMISSED WITHOUT PREJUDICE** and Leadfoot is **DISMISSED** as a defendant in this case.

**DONE and ORDERED** this 17th day of June 2019.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE